IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re the Petition of

PVS International,
United Agencies,
Maghanmal Jethanand
 (General Trading Company)

For Discovery In Aid of a Foreign Proceeding
 Pursuant to 28 U.S.C. § 1782

Civil Action No.

**ECF CASE**

**MEMORANDUM IN SUPPORT OF
PETITION FOR AN ORDER ALLOWING
DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

This Court should grant the petition of PVS International, United Agencies and Maghanmal Jethanand (General Trading Company) (collectively "Petitioners") who submit this Memorandum of Law and the accompanying Declaration of J. Stephen Simms (the "Simms Declaration") in support of their Petition for an Order ("Petition"), pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, to obtain discovery on The American Club / Shipowners Claims Bureau, Inc. ("American Club") for use in a pending foreign proceeding, namely, their case in the High Court of Singapore against Lixon Maritime Pte Ltd ("Lixon") (formerly known as Lixon Maritime Services Pte Ltd) ("Lixon").

**FACTS**

The requested relief is for the purpose of obtaining discovery in aid of a related foreign proceeding pending in the High Court of the Republic of Singapore (ADM. No. 67 of 2014), *PVS International, et al. v. Lixon Maritime Pte Ltd, et al.* (the "Singapore Action"). *See* Exh. A to Petition. The Singapore Action concerns a vessel, FU SHENG HAI (the "Vessel"), which was transporting wood and steel products cargo, that sailed from Lianyungag on June 29, 2013 for

Busan, Korea. (*Id.*). On or about July 2, 2013, while approaching the port of Busan, the Vessel ran aground off Shaeng Island, subsequently sank, and the cargo was damaged. (*Id.*).

Petitioners, the cargo owners, commenced the Singapore Action to recover their expenses against the owners of the Vessel, Lixon. (*Id.*). Petitioners now seek information regarding the loss of the ship and the cargo, which they expect to find in the possession of the American Club. (Simms Dec., ¶ 3). The hull insurance policy was paid out to the owners or directors of Lixon Maritime Services Pte Ltd. (*Id.*, ¶ 4). American Club, the Vessel's P&I insurer, may also have made a payment or otherwise investigated the loss of the Vessel. (*Id.*, ¶ 5).

By this Petition, Petitioners seek narrowly tailored discovery as to American Club. The extent of American Club's involvement, if any, with the Vessel is unknown at this time. The discovery requested in this 28 U.S.C. § 1782 Petition is necessary information as to the causes of the loss of the Vessel and the Lixon Directors' involvement with that, as well as to determine the extent of American Club's involvement. This discovery is directly related to the Singapore Action, including, any amendment of that action that Petitioners may make to include the Lixon principals/directors to be directly liable for claims of negligence or fraudulent conveyance concerning the insurance payments from the loss of the Vessel.

### THE STATUTORY REQUIREMENTS FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 ARE MET.

Section 1782 authorizes a U.S. District Court to order a person residing in the district to give testimony or product documents for use in a foreign proceeding. It provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested

> person and may direct that the testimony or statement be given, or
> the document or other thing be produced, before a person
> appointed by the court.

28 U.S.C. § 1782(a).  Thus, as stated by the Second Circuit in *In re Application of Aldunante,* 3 F.3d 54, 58 (2d Cir. 1993), *cert. denied*, 510 U.S. 965 (1993), there are three threshold requirements for ordering discovery under § 1782:

> The statutory language is unambiguous in its requirements: (1) the
> person from whom discovery is sought must reside or be found in
> the district of the district court to which the application is made,
> (2) the discovery must be "for use in a proceeding in a foreign or
> international tribunal," and (3) the application must be made "by a
> foreign or international tribunal" or by "any interested person".

Here, all of the statutory requirements for an order permitting the issuance of subpoenas pursuant to § 1782 have been met.  Petitioners seek the discovery from a business entity that is presently doing business within the District.  American Club's office is located at 1 Battery Park Plaza, 31st Floor, New York, New York 10004.  (*Id*., ¶ 6).  Petitioners each qualify as an "interested person" to the foreign proceedings within the meaning of § 1782.  *Intel Corp. v Advanced Micro Devices, Inc*., 542 US 241, 124 S Ct 2466, 159 L Ed 2d 355 (2004) (As used in 28 USCS § 1782(a), "any interested person" is intended to include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether such person be designated by foreign law or international convention or merely possesses reasonable interest in obtaining assistance).

Finally, the discovery sought is directly related to the Singapore Action and is essential not only for use as the Action presently is cast but also for a potential proceeding against the Lixon directors/principals to be filed in Singapore, where the Lixon directors/principals do business.  Of note, as the Supreme Court in *Intel* held, the proceeding for which discovery is sought "need not be pending or imminent", but rather must only be "within reasonable

contemplation". It is "not necessary for the adjudicative proceeding to be pending at the time the evidence is sought but only that the evidence is eventually to be used in such a proceeding". 542 U.S. at 259 (internal quotations omitted).

In addition to satisfying all three of the statutory requirements, both of the "twin aims" of § 1782 which are to be considered by a district court on such an application would be met here, namely: "to provide efficient assistance to participants in international litigation and encourage foreign countries to provide similar assistance to our domestic courts." *Minatec Fin. S.a.r.l. v. SI Group Inc.*, 2008 U.S. Dist LEXIS 63802 (S.D.N.Y. Aug. 18, 2008).

### **PETITIONERS MEET THE DISCRETIONARY *INTEL* FACTORS**

In *Intel*, the Supreme Court refused to interject limitations into the language of the statute and, instead, provided certain discretionary factors to be considered by a federal district court on a § 1782 application. The discretionary factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court or agency to federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome. *Minatec*, 2008 U.S. Dist. LEXIS 63802 (citing *Intel*) 542U.S. at 264-65).

Upon weighing each of the four discretionary *Intel* factors, the scale tips decidedly in favor of Petitioners. The entity from which the discovery is sought will not be a party to, or participant in, the contemplated Singapore proceeding in which Petitioners will assert claims against the directors/principals of Lixon, nor is it a party to the pending Singapore Action. *See Intel*, 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign

tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid"). The nature of the foreign proceedings does not run against any interest that would counsel against granting this request. Similarly, the instant request does not seek to circumvent any foreign proof-gathering limits or other policies. Finally, the request is neither unduly intrusive nor burdensome, but is instead specifically tailored to target information believed to lead to the discovery of substantial information regarding the loss of the Vessel and the determinations made concerning whether Petitioners are entitled to insurance payments from the loss of the Vessel.

### PETITIONERS MEET THE GROUNDS FOR *EX PARTE* DISCOVERY

Section 1782(a) specifically authorizes the Court to prescribe the practice and procedure for the taking of discovery pursuant to the statute.

Here, Petitioners seek an Order directing the production of documents and testimony by American Club in New York on an *ex parte* basis to assist the Singapore Action. Premature notice of this application or the discovery request may prompt Lixon to take steps to remove, transfer or divert assets and evidence beyond the reach of Petitioners' potential settlement of the Action.

Petitioners therefore request this Court's Order, pursuant to 28 U.S.C. § 1782, providing for the issuance, by Petitioners' counsel and pursuant to Fed. R. Civ. P 45, of a subpoena requiring the production of documents.

### THIS COURT NOW SHOULD GRANT THE PETITION

Petitioners meet all of the criteria for the issuance of an order authorizing discovery pursuant to 28 U.S.C. § 1782. This Court therefore should exercise its discretion to execute the

proposed order providing for discovery in aid of the Singapore Action.

Dated:  April 15, 2016.

                                        Respectfully submitted,

                                        /s/ *J. Stephen Simms*
                                        J. Stephen Simms
                                        Simms Showers LLP
                                        201 International Circle, Suite 250
                                        Baltimore, Maryland 21030
                                        Phone:     410-783-5795
                                        Facsimile:  410-783-5795
                                        jssimms@simmsshowers.com

                                        Attorneys for Petitioners